Tlie opinion of the Court was delivered by
Todd, J.
This is an action by judgment creditors of the late firm of Sampson Bros., to revoke a sale of a stock of furniture made by them to the defendant, Christesen, and sales of real estate in this city, made by the members of said firm to Mrs. C. C. Sampson, their mother.
As relates to the sale of the furniture, the same question was before us in the case of Johnson & Faulkner vs. L. H. Christesen, decided by us last year. The same sale was attacked on the same grounds, and the pleadings and the evidence were substantially the same. The only material difference being that in this case there is no doubt of the plaintiffs’ herein being creditors of the vendors when the sale was made.
In that case, we reversed the judgment of the lower court annulling the sale, and rendered a decree in favor of the defendant, Christesen, rejecting the demand of the plaintiffs therein, judgment creditors of Sampson Bros.
The reasons for our judgment, briefly stated, were, that the evidence did not satisfy us that Sampson Bros, were insolvent at date of sale, to *884 tlio knowledge of tlio purchaser, and that the sale was made with the intent, on the part of the vendors and vendee, to defraud the creditors of the former. We concluded that the sale was a real sale, that the purchaser had the means to buy, went into the actual possession yf the proporty, paid part of the price in cash and gave his notes for the balance, a large portion of which he subsequently paid. See 0. B. 55, p. 320.
We see no reasons for changing the conclusions respecting this sale then formed and announced.
It is urged that important testimony, that of the Sampson Bros., taken under commission, was improperly admitted in the trial in the lower court, against the objections of the defendants, which were :
“ That the depositions were not reduced to writing by the commissioner ; that they wore not signed by the witnesses, and that the commission was not executed within the delay allowed by the court.”
It is not essential that the depositions should bo written down by tlio commissioner. They may be reduced to writing by the witness or by 'an indifferent person. 7 N. S. 321; 7 L. 585; 6 R. 5; 11 R. 487.
The depositions were signed by tlio witnesses, but not in tlio usual place for such signatures, but at the end of the proces verbal of the commissioner, and the commission was executed within tlio proscribed delay.
In regard to the sales of real estate made to Mrs. Sampson, tlio plea of prescription of one year, interposed in bar of the action, must prevail. .
Mrs. Sampson was a creditor of the. Sampson Bros. This is admitted in statement iii the brief of defendants’ counsel, to the effect: “ That their mother, Mrs. C. C. Sampson, received from them real estate valued at 823,500, nominally for cash, in reality as a preferred creditor.”
The action in this respect comes under the operation of Act 1987 of the Civil Code, which declares :
“No contract made between the debtor and one of his creditors for the purpose of securing a just debt shall be set aside under this Section, although the debtors were insolvent to the knowledge of the creditor with whom he contracted, and although the other creditors are injured thereby, if such contract wore made more than one year before bringing the suit to avoid it, and if it contain no other cause of nullity than the preference given by one creditor over another.”
Under this Article, the action to avoid the contract must be brought within one year from the date of the contract, and it lias been held by this Court that it forms an exception to the rule prescribed in Article 1994 of the Code, in which the one year is to be counted from the date of the judgment obtained by the creditor against his debtor. Lehman, *885 Abraham & Co. vs. Levy, 30 An. 749; Peoples’ Bank vs. Girod, 31 An. 594.
For these reasons, it is ordered, adjudged and decreed, that the judgment appealed from he annulled, avoided and reversed, and it is now ordered, adjudged and decreed, that plaintiff’s demand be rejected with costs of both Courts.
Mr. Justice Fenner recuses himself, having been of counsel.
Levy, J., absent.